Kevin P. McCulloch, Esq.
Nate A. Kleinman, Esq.
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
kevin@mccullochiplaw.com
nate@mccullochiplaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JSM MUSIC, INC., *Plaintiff*, v. MARCUM LLP; and DOE CORPS 1-10, *Defendants*. | Civil Case No. COMPLAINT JURY TRIAL DEMANDED |

Plaintiff JSM Music Inc., by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for its Complaint against Defendants MARCUM LLP and DOE CORPS 1-10, hereby asserts and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement brought against Defendants for unauthorized and infringing uses of Plaintiff's copyrighted music.

2. Plaintiff seeks damages and other relief related to Defendants' knowing and willful infringements of Plaintiff's copyrights in the original musical work that is the subject of this action.

**PARTIES**

3. Plaintiff JSM Music, Inc. ("Plaintiff" or "JSM") is a world-renowned commercial

music production and sound design company. Plaintiff provides music production services for some of the world's most influential and profitable brands across all digital, broadcast, film, television, live experiential and mobile media.

4. JSM is a registered New York corporation with its principal office located in New York City.

5. Defendant Marcum LLP ("Defendant" or "Marcum") is an international accounting firm with its headquarters located in New York City.

6. Marcum is a registered New York limited liability partnership.

7. Defendants Doe Corps 1-10 (the "Doe Corp. Defendants") are as-of-yet unidentified television network and media organizations that contracted with Marcum to broadcast the infringing commercial content at issue in this action.

## JURISDICTION AND VENUE

8. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

9. This Court has personal jurisdiction over Defendants because a significant portion of the infringing conduct occurred in this District and because Defendant Marcum is headquartered in New York City.

## FACTUAL ALLEGATIONS

10. Beginning in or around 2015, Plaintiff created and produced original music to be used in a commercial ad campaign for Marcum consisting of a series of television commercials,

known as the "Ask Marcum" campaign (hereinafter "the Campaign").

11. Plaintiff licensed the music for the Campaign through ad agencies acting on behalf of Marcum.

12. Plaintiff licensed the music in two-year periods, the latest of which expired on March 27, 2019.

13. Plaintiff's license was explicitly limited to two years of broadcast (i.e. television) usage.

14. The music was written, performed, and recorded by employees and/or agents of JSM.

15. JSM retained all copyrights in and to the sound recording and underlying music used in Marcum's Campaign.

16. For several weeks in May 2019 and at least one day in June, Marcum aired Campaign commercials with Plaintiff's music included on numerous network television stations owned and operated by the Doe Corp. Defendants.

17. Marcum did not renew or attempt to renew its license to use Plaintiff's music after the March 27, 2019 expiration date or before the May-June television airings.

18. Marcum also published the Campaign videos on its own website and YouTube channel and continued to make the videos available not only after the license expired but also several weeks *after* being contacted by Plaintiff's counsel and notified of the claim.

## COUNT I
## COPYRIGHT INFRINGEMENT

19. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

20. Plaintiff is the author and copyright owner of both the musical work and sound

recording used by Defendant in the Campaign commercials.

21. The underlying work is a musical "mnemonic" comprised of an original melody written in the key of C and performed by multiple string instruments in a staccato-style rhythm.

22. Plaintiff registered the sound recording embodying the music, referred to as "Marcum Spot Music, 2015," with the United States Copyright Office under Registration SR 844-079.

23. Marcum exceeded the scope of its license and infringed JSM's exclusive rights in multiple ways, including but not limited to:

   i. creating new versions of the Campaign commercials that include Plaintiff's work, and which Marcum copied, distributed, published, and/or performed (and/or caused the Doe Corp. Defendants to copy, distribute, publish, or perform) after March 27, 2019 and without a license;

   ii. by continuing to copy, distribute, publish, and/or perform (and/or causing the Doe Corp. Defendants to copy, distribute, publish, or perform) both the 2015 and 2017 Campaign commercials online after March 27, 2019 without a license; and

   iii. by continuing to copy, distribute, publish, and/or perform (and/or causing the Doe Corp. Defendants to copy, distribute, publish, or perform) the 2015, 2017, and 2019 Campaign commercials online when the license was limited to television broadcast rights only.

24. Marcum's infringements were willful, knowing, intentional, and/or reckless.

25. Marcum knew that its license expired in March 2019 and nevertheless continued to use Plaintiff's work (and/or cause the Doe Corp. Defendants to publish the work) in Campaign commercials for several months beyond the license expiration.

26. Even if Marcum did not have actual knowledge of the license expiration date, it was willfully blind to that fact and/or acted with reckless disregard of Plaintiff's copyright by failing to act within the scope of the express terms of its license.

27. By copying, performing, distributing, and otherwise exploiting Plaintiff's

copyrighted work, Defendants infringed Plaintiff's copyright in the work and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

28. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's music and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to the infringements;

4. Plaintiff's full costs, as authorized under law;

5. For such other and further relief as the Court deems just and proper.

Dated:   June 19, 2019

                                              Respectfully submitted,

                                              /s/ Kevin P. McCulloch
                                              Kevin P. McCulloch, Esq.
                                              The McCulloch Law Firm, PLLC
                                              501 Fifth Avenue, Suite 1809
                                              New York, New York 10017
                                              Tel: (212) 355-6050
                                              kevin@mccullochiplaw.com